The STATE of Ohio, Appellee,

v.

MOWBRAY, Appellant.

[Cite as *State v. Mowbray* (1991), 72 Ohio App.3d 243.]

Court of Appeals of Ohio,
Ross County.

No. 1594.

Decided Jan. 22, 1991.

*Christine B. Henthorne,* Assistant Prosecuting Attorney, for appellee.
*James T. Boulger,* for appellant.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Ross County Common Pleas Court following a plea of no contest finding Robbie Mowbray, defendant below and appellant herein, guilty of receiving stolen property in violation of R.C. 2913.51, a felony of the third degree. The following error is assigned:

"The trial court erred to the prejudice of the defendant in denying the defendant's motion to suppress evidence obtained as a result of a search and seizure performed in violation of the defendant's right to be free of unreasonable searchs [*sic*] and seizures under the Fourth Amendment of the United States Constitution and Article I Section 14 of the Constitution of Ohio."

The record reveals the following facts pertinent to this appeal. At midnight on May 26, 1988, Deputy Randy Bliss of the Ross County Sheriff's Department stopped an automobile driven by appellant because the automobile had no rear bumper or license plate light. Bliss informed appellant of the violations, and appellant got out of his car to look at a book concerning those violations. Bliss had put the book on the trunk of appellant's car. After running a Bureau of Motor Vehicle check on appellant's license, Bliss returned to appellant's vehicle and spoke with appellant for a few minutes. At the end of this discussion, Sergeant Stansberry of the Chillicothe Police Department arrived at the scene.

Bliss then went to appellant's car and began to shine his light into the passenger area of the car. Bliss and Stansberry saw a cash box on the back seat. Bliss asked appellant to give the box to him. Appellant did so, and Bliss and Stansberry checked with their respective departments to see if there had been any reports on a stolen cashbox.

Bliss returned to appellant's vehicle to explain the traffic violations to appellant, who was then sitting in the vehicle. Bliss testified at the suppression hearing that as he delivered the verbal warning to appellant he observed a car stereo on the floor behind the driver's seat and another car stereo mounted under the dashboard with wires exposed. Bliss asked appellant for the radio behind the seat and took it back to his cruiser for fifteen or twenty minutes to examine it and check it out with his dispatcher. Finding that there was no indication that the stereo was stolen property, Bliss returned it to

appellant. Bliss continued to look through items in appellant's vehicle and took the owner's manuals for the stereos. Bliss also asked appellant to open his trunk. Appellant did so. After approximately a thirty-five-minute traffic stop, Bliss allowed appellant to leave.

On June 10, 1988, the Ross County Grand Jury returned an indictment charging appellant with receiving stolen property in violation of R.C. 2913.51. The bill of particulars filed by the state on August 10, 1988 stated that the Pioneer car stereo was stolen from the Ames department store in Circleville.

On August 30, 1988, appellant filed a motion to suppress. At the September 28, 1988 hearing on the matter, Bliss testified that prior to pulling appellant over on May 26, 1988, he had a conversation with another officer who had mentioned that appellant was a possible suspect in a recent theft of welders and radios from Farm and Fleet in Chillicothe. The trial court overruled appellant's motion to suppress in an entry filed on November 17, 1988.

On February 17, 1989, based on the trial court's denial of the motion to suppress, appellant withdrew his not guilty plea and entered a plea of no contest. The trial court found appellant guilty of receiving stolen property and sentenced him to one year in the Ohio State Penitentiary.

In his sole assignment of error, appellant asserts that the car stereos and other evidence found in his vehicle by Deputy Bliss during a routine traffic stop should have been suppressed because they were fruits of an illegal search. The state contends that the items found in appellant's vehicle should not have been suppressed because they fall within the "plain view" exceptions to the prohibition of unreasonable searches and seizures. The state further contends that Deputy Bliss had a legitimate reason for stopping appellant's vehicle and, thus, anything discovered falls under that exception.

In his argument that the evidence should have been suppressed as illegally seized, appellant relies heavily on *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237. We find *Chatton* to be factually dissimilar to the case at bar and, therefore, inapposite. Accordingly, we find no merit to appellant's argument.

In *Chatton*, a police officer observed a motor vehicle being operated upon a public street without a license tag being observed on either the front or rear of the vehicle. After stopping the vehicle, the officer approached the vehicle and observed a cardboard temporary license placard lying on the rear deck beneath the rear window.

The officer asked the driver to produce his driver's license and, upon running the license through the Bureau of Motor Vehicles, determined it was

listed as suspended. The officer arrested the driver for operating under suspension. It was subsequently determined the bureau was in error in listing the license as suspended. After the arrest and removal of the driver from the vehicle, a loaded revolver was found concealed under the driver's seat, resulting in an indictment under R.C. 2923.12.

The *Chatton* court held at 63, 11 OBR at 253, 463 N.E.2d at 1240, as follows:

"[W]here a police officer stops a motor vehicle which displays neither front nor rear license plates, but upon approaching the stopped vehicle observes a temporary tag which is visible through the rear windshield, the driver of the vehicle may not be detained further to determine the validity of his driver's license absent some specific and articulable facts that the detention was reasonable. As a result, any evidence seized upon a subsequent search of the passenger compartment of the vehicle is inadmissible under the Fourth Amendment to the United States Constitution."

In contrast, the pertinent facts in this case are the following. Around midnight on May 27, 1988, Randy Bliss, a Ross County Deputy Sheriff, observed a motor vehicle being operated by appellant on a Chillicothe street with no rear bumper and with a license plate stuck up on the back of the trunk lid but not illuminated. The officer stopped the vehicle. He also observed the tires were nearly bald.

The officer had appellant produce his driver's license, which was checked and found to be valid. The officer had a day or so prior to the stop been informed by a member of the Circleville Police Department of an investigation in which appellant was a possible suspect in the theft of radios and welders from Farm and Fleet. A cash box was observed on the back seat, which appellant stated he owned, and the officer checked and did not find it reported as stolen.

The officer intended to give appellant a verbal warning as to repairing the vehicle for operation on the highway. At the time of doing so, and apparently with the use of a flashlight, he observed a Pioneer radio with mounting brackets on the rear floor behind the driver. Additionally, he observed a partially installed radio, with wires hanging down, in the dash of the vehicle.

It is disputed whether it was done with consent, but in any event, the officer took custody of the radio and identified the serial number.[1] He took the radio

---

1. Where evidence conflicts at trial, it is fundamental that the weight to be given any particular evidence and the credibility of witnesses is for the trier of fact. See *State v. Thomas* (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. Apparently, in the case

to the cruiser but was unable to contact the Circleville officers as to whether this was a radio stolen from Farm and Fleet. He returned the radio to appellant but kept, the officer claimed with consent, manuals for the two radios. Appellant was later indicted for the offense of receiving stolen property, to wit, the Pioneer radio, which had been stolen from an Ames department store.

■ The court below denied a motion to suppress based upon the plain view exception to the warrant requirement. First enumerated in *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, and explicated in *Texas v. Brown* (1983), 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502, and *Arizona v. Hicks* (1987), 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347, the plain view exception is applicable if (1) the initial intrusion of the officer is lawful, (2) the incriminating evidence is inadvertently discovered, (3) it is immediately apparent to the officer that the items observed may be evidence of a crime, contraband or otherwise subject to seizure, and (4) probable cause exists to justify the seizure.

There can be no question that the initial stop was lawful under the circumstances. This appellant concedes, but he argues that the discovery of the radio was not inadvertent and further that probable cause did not exist to justify the temporary seizure in order to ascertain the serial number. We disagree on both counts.

■ First, the use of the flashlight did not negate application of the plain view doctrine. In *Texas v. Brown, supra,* 460 U.S. at 737, 103 S.Ct. at 1541, 75 L.Ed.2d at 511, the court stated the inadvertence requirement means that "the officer must discover incriminating evidence 'inadvertently,' which is to say, he may not 'know in advance the location of [certain] evidence and intend to seize it,' relying on the plain-view doctrine only as a pretext." There is no evidence that the officer knew of the existence of the radio and used the stop as a pretext to seize the radio.

With respect to probable cause the court in *Texas v. Brown, supra,* at 742, 103 S.Ct. at 1543, 75 L.Ed.2d at 514, stated the following:

"As the Court frequently has remarked, probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would *'warrant a man of reasonable caution in the belief,'* Carroll v. United States, 267 U.S. 132, 162 [45 S.Ct. 280, 69 L.Ed. 543] (1925), *that certain items may be contraband or stolen property or useful as evidence*

---

*sub judice,* the court, as trier of fact, found the officer's testimony more credible and determined that appellant consented to the officer taking custody of the radio.

*of a crime;* it does not demand any showing that such a belief be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required. *Brinegar v. United States,* 338 U.S. 160, 176 [69 S.Ct. 1302, 1311, 93 L.Ed. 1879, 1891] (1949). Moreover, our observation in *United States v. Cortez,* 449 U.S. 411, 418, [101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629] (1981), regarding 'particularized suspicion,' is equally applicable to the probable-cause requirement:

" 'The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same—and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.' " (Emphasis added.)

Applying that standard herein, we are persuaded that probable cause existed. The officer was aware appellant was a suspect in a theft of radios at the time he observed one partially installed radio together with a second radio in a box located in the rear of the vehicle. While the possession of the radios may have been wholly innocent, the circumstances would warrant an officer of reasonable caution that the radios *may* have been stolen. A commonsense probability, not certainty, is all that is required.

What distinguishes this case from *State v. Chatton, supra,* is that at the time the radios were observed there was still a nexus between the reason for the stop and the colloquy between the officer and appellant as to requiring repairs of the vehicle. At that point, inquiry respecting the radios then observed was lawful and warranted further detention of appellant.

From the record before us, we conclude that the seizure of the serial number was reasonable under the Fourth Amendment and that the court below, therefore, did not err in overruling appellant's motion to suppress. For the aforementioned reasons, appellant's assignment of error is overruled and the judgment of the court below is affirmed.

*Judgment affirmed.*

ABELE, J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent. If the courts will not protect Fourth Amendment rights, we will no longer have the right to be free from warrantless searches.

I believe *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237, is applicable to this case. Here, Bliss was justified in stopping Mowbray because of the bumper and license light missing from his vehicle. Bliss was not, however, justified in detaining Mowbray after he had explained the above violations and had warned Mowbray about them.

Under the second prong of the *Coolidge* test, the discovery of the evidence must be inadvertent. The discovery of the car stereos and owner's manuals was not inadvertent. Rather, Bliss purposefully shone his light into Mowbray's passenger compartment, just to look around. The search of the vehicle was in no way connected with the original stop. Further, there was no logical reason for Bliss to be looking at the *inside* of Mowbray's vehicle, having stopped him for an *"outside"* violation. It is clear that Bliss was looking for something. Thus, finding the stereos was not inadvertent, but rather the result of a purposeful thirty-five-minute search.

The third requirement pursuant to *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, is that the officer in question must have probable cause to believe that the evidence discovered is stolen property. Again, the record belies Bliss' statements that he believed the property in Mowbray's vehicle to be stolen. There is nothing about the property itself which makes it out of the ordinary. That a person has a car stereo in a box in a car is hardly suspicious, since people commonly buy car parts and leave them in the car until they get around to installing them. Construing Bliss' testimony most favorably, one can only conclude that he had no more than a suspicion. If the officer thought the property was stolen, Bliss would have seized that property and arrested Mowbray. Bliss did neither. He allowed Mowbray to go, just giving him a warning about the bumper and the license plate light.

None of the three "plain view" exception requirements of *Coolidge* had been met to permit the admission of evidence of the car stereos procured under a warrantless search of Mowbray's vehicle. The trial court erred by failing to suppress. Thus I dissent.