OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Phyllis Mason-Gaul, appeals her convictions for drug possession and possession of drug paraphernalia.
 {¶ 2} On December 13, 2002, Officers Ronald Haines and David Reed of the Ohio Department of Natural Resources were patrolling Pymatuning State Park in Andover, Ohio. About 9:00 p.m., the officers observed a vehicle parked in the parking lot with a female occupant, later identified as appellant. The officers approached the vehicle to check on appellant's well-being.
 {¶ 3} Officer Haines approached on the passenger-side of the vehicle, and Officer Reed approached on the driver-side. Officer Haines noticed an open can of beer on the floor of the car. In addition, he observed the remainder of a six-pack of beer. In response, he notified Officer Reed, who asked appellant to step out of the car. Appellant passed a field sobriety test.
 {¶ 4} While appellant spoke with Officer Reed, Officer Haines removed the can of beer from the car. As he removed the beer can, Officer Haines noticed loose marijuana and marijuana seeds on the floor of the car. After discovering the marijuana, Officer Haines searched the vehicle and found partially smoked marijuana cigarettes in the ashtray. He also searched appellant's purse and found two baggies of marijuana and a glass pipe.
 {¶ 5} As a result of these events, appellant was charged with possession of drug paraphernalia in violation of R.C. 2925.14 and drug possession in violation of R.C. 2925.11. Appellant filed a motion to suppress. A hearing was held on the motion to suppress, after which the trial court denied appellant's motion.
 {¶ 6} Appellant pled no contest to the charges against her, and was convicted. She received a thirty-day jail sentence, which was suspended. In addition, she was placed on probation, fined, and her license was suspended for one hundred eighty days. The sentence was stayed pending appeal.
 {¶ 7} Appellant raises the following assignment of error:
 {¶ 8} "The trial court erred when overruling appellant's motion to suppress."
 {¶ 9} "Appellate review of a motion to suppress presents a mixed question of law and fact."[1] The appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence.[2] Thereafter, the appellate court must independently determine whether those factual findings meet the requisite legal standard.[3]
 {¶ 10} "For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant."[4] However, there are several exceptions to the warrant requirement.[5] The two relevant exceptions for this case are the "plain view" doctrine and the automobile exception.
 {¶ 11} There are three general requirements that must be met for the "plain view" doctrine.[6] "First, the initial intrusion that brought the police into a position to view the object must have been legitimate. Second, the police must have inadvertently discovered the object. Third, the incriminating nature of the object must have been immediately apparent."[7] Applying this test to the case at bar, we conclude the Officer Haines' discovery and removal of the beer can was reasonable under the "plain view" doctrine.
 {¶ 12} The officers discovered appellant's car parked in a state park parking lot after dark. They noticed the vehicle had a single, female occupant. They decided to check on appellant's well-being. At this point, the officers were outside of appellant's vehicle in a place where they were permitted to be. They were conducting a brief consensual encounter to check on appellant's well-being. The minimal intrusion, if any, was legitimate. Thus, the first prong of the "plain view" test was satisfied.
 {¶ 13} We note that Officer Haines used a flashlight to illuminate the interior of the vehicle. However, the use of a flashlight to aid in viewing the interior of an automobile does not negate the inadvertency of the discovery of the illegal item.[8] Essentially, the inadvertency prong prohibits the use of the "plain view" doctrine as a pretext for a search for a specific item.[9] Officer Haines used a flashlight because it was dark. There was no evidence that he was looking for an open container when he approached the vehicle. Thus, the second prong of the test is met.
 {¶ 14} Finally, the open beer can was immediately incriminating, as it is illegal to have an open container of alcohol in a motor vehicle.[10]
Moreover, Officer Haines testified that alcohol was prohibited in the state park.
 {¶ 15} The actions of Officer Haines in discovering and removing the open container of beer fell within the "plain view" doctrine exception to the warrant requirement.
 {¶ 16} Next, we conclude that Officer Haines subsequent search of the automobile was permitted under the automobile exception to the warrant requirement.
 {¶ 17} "The well-established automobile exception allows police to conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or other evidence that is subject to seizure, and exigent circumstances necessitate a search or seizure."[11] Accordingly, an officer my search a properly stopped vehicle if he has probable cause that it contains contraband.[12] "The scope of the search is defined by the object of the search and the places in which there is probable cause to believe that the contraband may be found."[13] The search may extend to the occupant's belongings in the vehicle, including a purse.[14]
 {¶ 18} When Officer Haines was removing the beer cans from the automobile, he discovered marijuana, including seeds, on the floor of the vehicle. If a proper foundation is established, a lay witness may identify marijuana.[15] Officer Haines testified regarding his training and experience, including taking drug and marijuana identification courses. As such, his identification of marijuana on the floor of the car, an area where he was permitted to be in order to remove the beer can from the vehicle, constituted probable cause to search the remainder of the vehicle.
 {¶ 19} The Ninth Appellate District addressed a similar case in which open containers were found in the defendant's car and her purse was subsequently searched.[16] The court held the search of the purse was unconstitutional, because the officers did not lay a proper foundation that additional open containers, the only item of contraband justifying the search, could be found in the purse.17 However, in the case sub judice, Officer Haines had discovered marijuana in the vehicle. Officer Haines testified that he searched the purse to determine if it contained additional marijuana, since his experience dictated that a purse is a likely location to hold marijuana.
 {¶ 20} The officers' initial discovery of the open container was permissible under the "plain view" doctrine. When the officers were removing the beer can, marijuana was discovered. Under the automobile exception to the warrant requirement, the marijuana constituted probable cause to search areas of the remainder of the vehicle, including the purse, where additional marijuana may be concealed. Therefore, the trial court did not err by denying appellant's motion to suppress.
 {¶ 21} Appellant's assignment of error is without merit.
 {¶ 22} The judgment of the trial court is affirmed.
Grendell, J. and Rice, J., concur.
[1] State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8.
[2] Id., citing State v. Fanning (1982), 1 Ohio St.3d 19.
[3] Id., citing State v. McNamara (1997), 124 Ohio App.3d 706.
[4] State v. Moore (2000), 90 Ohio St.3d 47, 49, citing Katz v. UnitedStates (1967), 389 U.S. 347, 357; State v. Brown (1992), 63 Ohio St.3d 349,350.
[5] (Citation omitted.) State v. O'Hora (Apr. 5, 2002), 11th Dist. No. 2000-L-134, 2002 Ohio App. LEXIS 1563, at *5.
[6] State v. Halczyszak (1986), 25 Ohio St.3d 301, 303, citingCoolidge v. New Hampshire (1971), 403 U.S. 443.
[7] Id.
[8] State v. DiNickle (Dec. 3, 1993), 11th Dist. No. 93-A-1771, 1993 Ohio App. LEXIS 5771, at *6, citing State v. Mowbray (1991),72 Ohio App.3d 243.
[9] Id., quoting Texas v. Brown (1983), 460 U.S. 730, 737.
[10] R.C. 4301.62(B)(4).
[11] State v. Mills (1992), 62 Ohio St.3d 357, 367, citing Chambers v.Maroney (1970), 399 U.S. 42, 51, and Carroll v. United States (1925),267 U.S. 132.
[12] (Citations omitted.) State v. Moore, 90 Ohio St.3d at 51.
[13] State v. O'Hora, at *7, citing United States v. Ross (1982),456 U.S. 798, syllabus.
[14] State v. Laird (Jan. 30, 2002), 9th Dist. No. 3213-M, 2002 Ohio App. LEXIS 272, at *6, citing Wyoming v. Houghton (1999), 526 U.S. 295,302.
[15] See State v. McKee (2001), 91 Ohio St.3d 292, 297.
[16] State v. Laird, supra.